UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOHN SCOTT SIMPSON, an individual; DEBORAH JEAN SIMPSON, an individual; A.S., by and through John Scott Simpson and Deborah Jean Simpson, as Guardian ad Litems for A.S.; and WHITNEY SIMPSON, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>THE CITY OF UPLAND, a governmental entity; CITY OF UPLAND POLICE DEPARTMENT; and DOES 1 through 50, inclusive, <br><br>Defendants. | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | ED CV 08-1117 LLP (FMOx) <br><br><br><br><br><br><br><br><br>MEMORANDUM OPINION <br>AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

     In considering a Motion for Summary Judgment, the Court must resolve all facts in favor of the non-moving parties. Accordingly, on September 7, 2007, a neighbor of the Plaintiff telephoned the Upland Police Department and stated she knew none of Plaintiffs were home and that two boys between 12 and 14 years old had gone inside Plaintiffs' home. The police responded and one of the boys came out of the house and was detained. The boys had come over to see their friend A.S. and saw their cars in the driveway and thought someone was home. The other boy was still in the house. Two dogs were barking loudly in the backyard. One of the dogs, a Boxer, came to a glass door and barked so Officer Alvarez closed that door.

     Deborah Simpson and her son, Plaintiff A.S., then arrived. Deborah Simpson said she was going to go into the house and get the other boy. Officer Rodriguez told Deborah Simpson she could not go into her home because of the ongoing investigation and search for the other boy. The search of the house and the backyard was warrantless. Defendants contend that Deborah Simpson gave implied consent to the search of the backyard. The Court finds no implied consent for the purposes

of this motion. Officer Hilliard then told Mrs. Simpson she would need to control her dogs. Sergeant Galindo at the same time asked Officer Rodriguez to have Deborah Simpson control her dogs although Deborah Simpson may not have heard that request. Deborah Simpson then went into the backyard as did Sergeant Galindo and Officer Hilliard. The Boxer dog was walking alongside Deborah Simpson and was not on a leash. There was no indication that the officers gave Deborah Simpson any time to get a leash for the dog. The Boxer looked at Officer Hilliard and started to move toward him according to Officer Hilliard. Deborah Simpson said the dog did not move toward the officer and did not go into a crouch until after the officer drew his gun. Officer Hillard told Deborah Simpson to contain her dog or he would shoot if necessary. Deborah Simpson was directly behind the dog and Officer Hilliard told her to get out of the way, but before she could, Officer Hilliard shot the dog as it stood before him in a lowered and threatening position. Deborah Simpson said the bullet went by her leg and she was so frightened that she wet herself. There were a total of at least five police officers at the scene.

## DISCUSSION

Plaintiffs claim municipal liability under 42 U.S.C. § 1983. There has been no adequate showing that any municipal policy or custom caused a violation of the constitutional rights of any of the Plaintiffs. Only Deborah Jean Simpson and her minor son, A.S., were present and only Deborah Simpson saw the shooting. Deborah Simpson testified that after she told them to leave, a female officer said that they do not stop an investigation until they finish them. That officer was not named nor was there any deposition testimony from such an officer, let alone any other evidence of such a policy by the Defendant City of Upland. Accordingly, with no respondeat superior liability under 42 U.S.C. § 1983, and with no triable custom or practice liability question presented as to the City of Upland, the 1983 action must be dismissed as against the City of Upland and its governmental entity, City of Upland Police Department. *Monell v. Dep't of Soc. Serv's. of City of New York*, 436 U.S. 658 (1978).

The Plaintiffs also named Does 1 through 50, inclusive. Plaintiffs have never amended to name any police officers in either their individual or official capacities. Adequate time for discovery and amendment of the pleadings has now passed. *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (adequate time must be provided in discovery so that names of individuals can be ascertained).

Accordingly, no claim is stated against any individual Defendants who continue to be named as John Does 1 through 50.

Due to the fact that no *Monell* claim is stated against the City of Upland or its Police Department, and no claim is alleged against a named individual, there is no reason to determine whether or not the warrantless search of the residence and backyard was an unconstitutional search in violation of the Fourth Amendment to the U.S. Constitution.

The remaining claims are all state law claims. Those claims are the assault claim of Deborah Simpson in the First Cause of Action and the claims by Deborah Simpson and A. Simpson in the Second Cause of Action for Intentional Infliction of Emotional Distress.

The parties should be prepared to argue for the viability or denial of those remaining claims at the pre-trial conference. In addition, even if the state law claims are still viable, be prepared to argue whether or not those claims should continue on in this Court or be remanded to State Court.

IT IS SO ORDERED.

Dated this 28th day of October, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge